628 A.2d 1202

**Helen J. HUTSKOW**

v.

**Louis WASHOWICH, Mayor Samuel R. Vidnovic, Joseph J. Bendell, Jr., William E. Campbel, Joseph P. Graziano, James S. Honick, Charles D. Mikell, Carolyn W. Young and The City of McKeesport, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided July 8, 1993.

Bonnie Brimmeier, for appellants.

Stephen J. O'Brien, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

The City of McKeesport (City) and City officials appeal from an order of the Court of Common Pleas of Allegheny County (common pleas court) that granted the request of Helen J. Hutskow (Hutskow) for a writ of mandamus directing the City to pay Hutskow her pension as the widow of a retired City police officer including a portion of an increase her husband was receiving pursuant to the Special Ad Hoc Municipal Police and Firefighter Postretirement Adjustment Act (Act 147).[1] The questions presented are whether, where Act 147 directs municipal retirement systems to pay an adjustment to "a retired police officer or firefighter," the legislature intended that the adjustment also be paid to the retiree's

1. Act of December 14, 1988, P.L. 1192, 53 P.S. §§ 896.101 through 896.1103.

surviving spouse, and, if so, whether such payment violates the prohibition in Pa. Const. art. 3, § 26 against bills awarding extra compensation to public officers and employees after services are rendered or providing for the payment of any claim against the Commonwealth without previous authority of law, except for bills authorizing the increase of retirement allowances or pensions of "members of a retirement or pension system."

At the time of his death on February 9, 1989, Anthony Hutskow was a retired police officer of the City, receiving his regular pension benefit from the City of $586 per month plus $75 per month as an adjustment pursuant to Act 147. Under the City's pension ordinance Hutskow, as a widow of a retired member of the police force, is entitled to receive a pension, during her lifetime or so long as she does not remarry, of 50% of the pension the member was receiving. After Anthony Hutskow's death, the City paid Hutskow $293 per month, or 50% of her husband's regular pension benefit without the Act 147 adjustment. Hutskow filed an action in the common pleas court seeking a writ of mandamus to compel the City and its officials to pay her 50% of the adjustment in addition to the regular benefit.

The common pleas court considered the case on stipulated facts and briefs. The court examined the language of Act 147 and of Section 4303(c) of The Third Class City Code,[2] which provides that in cities of the third class the surviving and not remarried spouse of a police officer shall be entitled to receive a pension of 50% of the pension the member was receiving at the time of his death. After construing these two sections together, the common pleas court concluded that the legislature desired to enhance retired municipal police officers' pensions in the form of a "one shot" COLA (cost of living adjustment), and Section 4303(c) requires that half of that overall pension the member was receiving be paid to the widow. The common pleas court concluded that there was "previous authority of law" for the payment, namely Section

---

2. Act of June 23, 1931, P.L. 932, *as amended*, subsection (c) added by the Act of July 27, 1959, P.L. 569, 53 P.S. § 39303(c).

4303(c), and there was no violation of Pa. Const. art. 3, § 26. The court issued the writ, and the City and its officials named in the complaint appeal.[3]

Section 102 of Act 147, 53 P.S. § 896.102, defines "Special ad hoc municipal police and firefighter postretirement adjustment" as *"[a]n increase in* or change in *the amount of a* retirement annuity, retirement benefit, *service pension* or disability pension benefit granted or effective after active employment ceases, as provided for on a one-time basis under this statute." (Emphasis added.) Section 301, 53 P.S. § 896.-301, relating to entitlement to the adjustment, provides:

A municipal retirement system shall pay a retired police officer or firefighter a special ad hoc municipal police and firefighter postretirement adjustment under this chapter if all the following apply:

(1) The retiree has terminated active employment with the municipality as a police officer or firefighter.

(2) The retiree is receiving a retirement annuity, retirement benefit, service pension or disability pension benefit from a municipal retirement system on the basis of active employment with a municipality as a police officer or firefighter.

(3) The retiree began receiving the retirement annuity, retirement benefit, service pension or disability pension benefit before January 1, 1985.

A schedule of the special ad hoc adjustments is provided in Section 302(a), ranging from $25 per month if the retiree had been retired at least five but not more than ten years as of January 1, 1989, to $150 per month if the retiree had been retired at least twenty years as of that date. The municipality pays the pension increases initially, but the Commonwealth reimburses the municipalities for the full amount of such payments under Section 502, 53 P.S. § 896.502. Section 701, 53 P.S. § 896.701, creates a Special Ad Hoc Municipal Police

---

**3.** The scope of this court's review of a decision of a court of common pleas in a mandamus action is to determine whether the court committed an abuse of discretion or an error of law. *Douros v. Newtown Township,* 108 Pa.Commonwealth Ct. 606, 530 A.2d 1002 (1987).

and Firefighter Postretirement Adjustment Account in the Municipal Pension Aid Fund to serve as the source of the reimbursements.

Section 4303(c) of The Third Class City Code provides:

*The spouse of a member of the police force who retires on pension who dies* or if no spouse survives or if such person survives and subsequently dies or remarries, then the child or children under the age of eighteen years of a member of the police force or a member who retires on pension who dies on or after the effective date of this amendment, *shall, during his lifetime or so long as such person does not remarry* in the case of a surviving spouse or until reaching the age of eighteen years in the case of a child or children, *be entitled to receive a pension calculated at the rate of fifty per centum of the pension the member was receiving or would have been receiving had he been retired at the time of his death* and may receive the pension the member was receiving or would have been receiving had he been retired at the time of his death. (Emphasis added.)[4]

Finally, Pa. Const. art. 3, § 26 provides:

No bill shall be passed giving any extra compensation to any public officer, servant, employe, agent or contractor, after services shall have been rendered or contract made, nor providing for the payment of any claim against the Commonwealth without previous authority of law: Provided, however, That nothing in this Constitution shall be construed to prohibit the General Assembly from authorizing

4. City of McKeesport Ordinance No. 2248, Section 1, subsection (g), tracks and implements Section 4303(c):

The widow of a member of the police force or a member who retires on pension who dies on or after January 1, 1965, or if no widow survives, or if she survives or subsequently dies or remarries, then the child or children under the age of eighteen years of a member of the police force or a member who retires on pension who dies on or after January 1, 1965, shall, during her lifetime, or so long as she does not remarry in the case of a widow, or until reaching the age of eighteen (18) years in the case of a child or children, be entitled to receive a pension calculated at the rate of fifty (50) per centum of the pension the member was receiving, or would have been receiving, had he been retired at the time of his death.

the increase of retirement allowances or pensions of members of a retirement or pension system now in effect or hereafter legally constituted by the Commonwealth, its political subdivisions, agencies or instrumentalities, after the termination of the services of said member.

The City first emphasizes that Section 302 of Act 147 states that a municipal retirement system shall pay "a retired police officer or firefighter" the special ad hoc adjustment; it does not state that the adjustment shall be paid to any other "member" of a retirement system such as a spouse or other beneficiary. The City stresses also that the prohibition in Pa. Const. art. 3, § 26 against bills giving extra compensation after services are rendered expressly exempts increases of pensions of "members of a retirement or pension system. . . ." Conceding that the phrase "members of a retirement system" is not defined in the Constitution, the City asserts that the phrase applies only to "participants" of the retirement system and not to their "beneficiaries." In the City's view the common pleas court erred by regarding the beneficiaries of retired police officers as "members of a retirement system" within the meaning of the Constitutional provision.

Hutskow notes that Section 102 of Act 147, 53 P.S. § 896.-102, defines "public employee retirement system" as an entity that collects retirement contributions, holds and manages the resulting assets for future pension benefit payments and makes provision for these payments "to qualified retirees and beneficiaries." Hutskow emphasizes the mandate of Section 4303(c) of The Third Class City Code that the spouse of a member of the police force shall be entitled to receive a pension calculated at the rate of fifty per centum of the pension the member "was receiving" or would have been receiving had he been retired at the time of his death, and that the City's ordinance mirrors this provision. The only express limitations in Act 147 regarding the ad hoc adjustment are found in Section 302(b) and (c), 53 P.S. § 896.302(b) and (c), relating to circumstances where a retiree will receive a special ad hoc adjustment from more than one municipal retirement

system or a postretirement adjustment from the municipal police or firefighters' pension plan.

Hutskow argues that the legislature in Section 4303(c) recognizes members' widows and children as potential "members" of the municipal retirement system within the meaning of Pa. Const. art. 3, § 26. She references *Taylor v. Abernathy*, 422 Pa. 629, 222 A.2d 863 (1966), where the Supreme Court held that municipal police and firefighter pension plans that failed to provide for lifetime payments violated their enabling statutes, namely, provisions of The Third Class City Code requiring the establishment of retirement systems for police and firefighters.[5] The Court also noted that, as originally enacted in 1931, Section 4303(c) made no provision for widows and children; as amended in 1959 the Section permitted cities to make provision for widows of retired members if the council so elected. As amended by the Act of September 1, 1965, P.L. 462, "the Legislature made it mandatory upon cities of the third class to include widows of deceased retirees within the coverage of their pension plans," and in future the city would be under a duty to include designated family members of retirees within its pension system. *Taylor*, 422 Pa. at 642, 222 A.2d at 869–70.[6]

In our view the trial court correctly acknowledged that Section 4303(c) of The Third Class City Code recognizes the surviving spouse of a member of the police force, or children under the age of eighteen, where applicable, as "members" of the municipal police retirement system within the meaning of Pa. Const. art. 3, § 26. Although we have found no appellate case apart from *Taylor* discussing the

5. Provisions relating to police pensions at that time were Sections 4301 through 4308, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 39301 through 39308; those relating to firefighters were (and are) Sections 4320 through 4327 of the same Act, 53 P.S. §§ 39320 through 39327.

6. Because the 1965 amendment was not in effect at the time of the death of the police matron whose estate initiated one of the four actions consolidated in *Taylor*, the Court held that the city involved violated no duty to her family by failing to enact a pension plan in compliance with the enabling act.

status of surviving spouses and children under the post–1965 police retirement provisions, we believe judicial interpretations of similar provisions relating to firefighter pensions (both derived from the same Act, *see* n. 5, above) settle the matter conclusively.

In *Appeal of Stanton*, 499 Pa. 151, 452 A.2d 496 (1982), the Supreme Court considered a pension claim made by a widow of a municipal firefighter who had died in an accident unrelated to his work after serving slightly more than four years. The firefighter had not yet qualified for pension benefits at the time of his death, and this court had held that the widow's right was derivative of her husband's, hence she did not qualify either. The Supreme Court reversed, concluding from a close reading of various sections of the statute that the surviving spouse's right was not derivative and that the legislature intended the surviving spouse to receive benefits under the facts presented.

The Court noted that Section 4321 of The Third Class City Code, as amended by the Act of July 20, 1968, P.L. 434, 53 P.S. § 39321, mandated payments to widows as follows:

> Upon the death of a member who retires on pension or is killed in the service on or after January 1, 1960, or who dies in the service on or after January 1, 1968, payments as hereinafter provided shall be made to his widow during her life so long as she does not remarry.

Also, Section 4320, 53 P.S. § 39320, authorized establishment of firefighters' pension funds for the benefit of three classes of persons: (1) members of the fire department who receive honorable discharge therefrom by reason of service or age or disability, (2) widows of retired members and (3) the families of members who may be killed or who die in the service.

Section 4322, 53 P.S. § 39322, provided in part:

> Payments to widows of members retired on pension or killed in the service on or after January 1, 1960, or who die in the service on or after January 1, 1968, shall be the amount payable to the member or which would have been payable had he been retired at the time of his death.

In *Stanton* the Supreme Court concluded that Section 4322's reference to hypothetical retirement of the member of the force related only to calculation of the amount of a widow's pension, not to eligibility. Had the legislature intended to exclude payments to widows of members not yet eligible for retirement benefits at the time of death, the statute would have indicated that the benefits were payable to the widow only if the member were actually eligible for benefits at the time of death. "We agree with appellant, therefore, that a firefighter's widow's right to pension benefits is not derivative, and a deceased firefighter's ineligibility for retirement benefits does not affect his widow's independent, statutorily conferred right to benefits." *Stanton*, 499 Pa. at 154, 452 A.2d at 497.

Finally, Section 4327, 53 P.S. § 39327, provided that if a member of the force died not in the line of service before becoming entitled to a pension and was *not* survived by a widow or family entitled to payments, then the total contributions of such member should be paid over to his estate. The Supreme Court concluded that this provision implied that where such a member *is* survived by a widow the other provisions applied, meaning the widow is entitled to payments.

Provisions of The Third Class City Code relating to pension plans for police officers parallel those relating to pension plans for firefighters. Section 4301, 53 P.S. § 39301, expressly states the intent to benefit others in addition to former members of the police force:

> Cities shall establish, by ordinance, a police pension fund ... for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of age or disability, surviving spouses or if no spouse survives or if such person survives and subsequently dies or remarries, then to the child or children under the age of eighteen years, of members of the police force or members retired on pension. . . .

As quoted above, Section 4303(c), corresponds to Section 4322 insofar as both provide that the spouse of a member of the police force who dies or a member retired on pension who dies shall be entitled to receive a pension calculated at the rate of

50% of "the pension the member was receiving or would have been receiving had he been retired at the time of his death. . . ." Section 4308 [7] mirrors Section 4327 and provides in part:

In the event of the death of a member of the police force not in the line of service before the member becomes entitled to the pension aforesaid and such member is not survived by a spouse or family entitled to payments as hereinbefore provided, the total amount of contributions paid into the pension fund by the member shall be paid over to his estate.

In ascertaining the intent of the legislature, courts may look to "[t]he former law, if any, including other statutes upon the same or similar subjects." Section 1921(c)(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(5). In view of the identical origin of provisions relating to firefighter and police pension plans and their similarity of language, we must conclude that under *Stanton* a spouse of a deceased police officer or retired police officer is independently entitled to a pension and that this right is not derivative of the deceased spouse. Such independent entitlement means the surviving spouse is a "member" of the pension plan within the meaning of Pa. Const. art. 3, § 26.

Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same classes of persons or things, and, as the trial court correctly noted, statutes in pari materia are to be construed together, if possible, as one statute. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932. One presumption relating to construction is that when the legislature adopts a statute it does so with full knowledge of existing statutes relating to the same subject. *Commonwealth v. Milano*, 300 Pa.Superior Ct. 251, 446 A.2d 325 (1982). As a general rule, pension statutes are to be liberally construed in favor of the pensioner, although the consequences of a particular interpretation may be considered when a statute is subject to more

7. Added by Section 1 of the Act of April 30, 1957, P.L. 65, *as amended,* 53 P.S. § 39308.

than one interpretation. *Pennsylvania State Lodge of the Fraternal Order of Police by Bascelli v. Bailey*, 128 Pa.Commonwealth Ct. 72, 562 A.2d 985 (1989), *aff'd sub nom. Pennsylvania State Lodge of the Fraternal Order of Police by Bascelli v. Hafer*, 525 Pa. 265, 579 A.2d 1295 (1990).

Both Act 147 and Section 4303(c) of The Third Class City Code discuss the same "thing"—the pension of the retired officer—and they must be construed together. The Act 147 adjustment is "an increase in … the amount of a … service pension" of a retired police officer. Section 4303(c) provides for the calculation of the surviving spouse's independent right to payment based on the "pension" of the deceased spouse. Because of Section 4303(c) there was no need for the legislature to specify that a surviving spouse is also entitled to receive a portion of the ad hoc pension increase, and construing the statutes together requires this result.

## ORDER

AND NOW, this 8th day of July, 1993, the order of the Court of Common Pleas of Allegheny County at No. GD 89–19847, dated June 10, 1992, is affirmed.