**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Frederick HANSLEY, Appellee.**

Superior Court of Pennsylvania.

Submitted April 6, 2010.

Filed May 5, 2010.

Reargument Denied July 14, 2010.

Nichole L. Eisenhart, Assistant District Attorney, Lebanon, for Commonwealth, appellant.

Bryan S. Walk, Hershey, for appellee.

BEFORE: BENDER, PANELLA and LAZARUS, JJ.

OPINION BY BENDER, J.:

¶ 1 In this appeal we consider whether a trial court is authorized by law to impose a conditional minimum sentence (RRRI minimum) pursuant to the Recidivism Risk Reduction Incentive Act, 61 Pa.C.S. §§ 4501–4512 (RRRIA), upon a defendant convicted of Possession With Intent to Deliver, 35 P.S. § 780–113(A)(30) (PWID), and sentenced to mandatory minimum terms of incarceration pursuant to 18 Pa. C.S. §§ 6317 and 7508. We conclude that the court is so empowered by the RRRIA and must specify an RRRI minimum sentence upon determination that the defendant is statutorily eligible pursuant to 61 Pa.C.S. § 4503. In addition, we hold that a defendant who meets all other criteria for eligibility under the RRRIA is not rendered ineligible by the imposition of a mandatory minimum sentence under 18 Pa.C.S. § 7508 unless that sentence was imposed under subsections (a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii), or 8(iii). *See* 61 Pa.C.S. § 4503(1)–(6) (disqualifying certain offenders from eligibility). Because the judgment of sentence imposed by the trial court is consistent with this holding, we affirm.

¶ 2 In this case, defendant Frederick Hansley pled guilty to one count of PWID at CP–38–CR–0001808 (No. 1808) for his sale of cocaine to an undercover officer on September 12, 2008. He pled guilty to a second count of PWID, at CP–38–CR–0001809 (No. 1809), for his sale of cocaine to the same officer during a transaction on October 15, 2008. Neither party disputes that the amount of cocaine seized at No. 1808 was less than ten grams and at No. 1809 greater than ten grams but less than one hundred grams and that the trial court imposed sentence pursuant to 18 Pa.C.S. § 7508(a)(3)(ii). The resulting convictions were subject to mandatory minimum sentences under 18 Pa.C.S. § 7508(3)(i) and (ii), but not subsection (a)(3)(iii). Additionally, the conviction at No. 1808 was subject to a mandatory minimum for drug sales

conducted within 1000 feet of a school. *See* 18 Pa.C.S. § 6317 (Drug-free school zones).

¶ 3 Prior to sentencing, the Commonwealth gave notice of its intent to seek imposition of all mandatory minimum sentences and asserted that the applicable statutory provisions "trumped" any authority under the RRRIA to impose a conditional minimum sentence. Thereafter, Hansley accepted full responsibility for his actions and the court, following review of a pre-sentence investigation report, imposed a mandatory minimum prison term of one to two years at No. 1808 (the drug-free school zones violation) and three to six years at No. 1809, both sentences to be served concurrently. Additionally, however, the court found Hansley eligible for participation in a "program plan" under the RRRIA,[1] *see* 61 Pa.C.S. § 4505(c), and imposed an RRRI minimum sentence of eighteen months at No. 1808 and twenty-seven months at No. 1809, *see id.*, § 4505(c)(1). Pursuant to those sentences, Hansley would be eligible for parole under the provisions of the RRRIA upon serving the RRRIA minimum and prior to expiration of the mandatory minimums otherwise imposed.

¶ 4 Commonwealth has now filed this appeal, raising the following question for our consideration:

A. WHETHER THE TRIAL COURT ERRED IN APPLYING MINIMUM SENTENCES PURSUANT TO THE RECIDIVISM RISK REDUCTION INCENTIVE (44 PA.C.S.A. § 5301 et seq.) WHEN DEFENDANT WAS SUBJECT TO MANDATORY MINIMUM PENALTIES PURSUANT TO

18 PA.C.S.A. § 7508(a)(3)(ii) and 18 PA. C.S.A. § 6317?

Brief for Appellant at 8.

¶ 5 The Commonwealth's claim challenges the trial court's imposition of sentence on the basis of a perceived conflict between the conditional minimum sentence the court imposed under the RRRIA and the mandatory minimums it applied under the respective sentencing statutes. The Commonwealth argues that the latter two statutes require imposition of the stated mandatory minimum sentence and that by their plain language they override any conflicting statute including the RRRIA, depriving the trial court of any authority to impose any sentence the sentencing statutes do not specially allow. *Id.* at 19. Further, the Commonwealth argues that to the extent the two sentencing statutes are more specific to the crime of PWID than is the RRRIA, their language must, as matter of statutory construction, supersede the RRRIA. *Id.* at 20.

¶ 6 Our analysis of the Commonwealth's claim proceeds from the premise that "when the legislature adopts a statute it does so with full knowledge of existing statutes relating to the same subject." *Hutskow v. Washowich,* 156 Pa.Cmwlth. 655, 628 A.2d 1202, 1207 (1993) (citing *Commonwealth v. Milano,* 300 Pa.Super. 251, 446 A.2d 325 (1982)). Accordingly, "statutes or parts of statutes that relate to the same persons or things or to the same class of persons or things are to be construed together, if possible." *Casiano v. Casiano,* 815 A.2d 638, 642 (Pa.Super.2002). In construing such kindred statutes, our objective is, first and foremost, to ascertain and effectuate the intent of the General Assembly as reflected in

---

1. The RRRIA defines "program plan" as "[a]n individualized plan recommended by the department [*i.e.,* the Pennsylvania Department of Corrections] that contains approved treatment and other approved programs designed to reduce recidivism risk of a specific inmate." 61 Pa.C.S. § 4503.

the statutory language. *See Commonwealth v. Ostrosky,* 866 A.2d 423, 427 (Pa.Super.2005). "[W]hen the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning." *Commonwealth v. Kelley,* 569 Pa. 179, 801 A.2d 551, 554 (2002) (citing 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); 18 Pa.C.S. § 105 (requiring that "[t]he provisions of [the Crimes Code] shall be construed according to the fair import of their terms")). "Penal statutes are to be strictly construed in favor of the accused."[2] *Kelley,* 801 A.2d at 554 (citing 1 Pa.C.S. § 1928(b)(1)).

¶ 7 In this case, the Commonwealth relies on the mandatory language of the two criminal sentencing statutes asserting that by their plain language they defeat application of the RRRIA. The first of those, pertaining to "Drug-free School Zones" mandates imposition of a two year prison term for any offender convicted of PWID within 1000 feet of a school and divests the court of authority to impose any contrary sentence. The statute provides, in pertinent part, as follows:

### § 6317. Drug-free school zones

**(a) General rule.**—A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), [FN1] known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, *notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary.* The maximum term of imprisonment shall be four years for any offense:

[FN1] 35 P.S. § 780–113(a)(14) or (30).

(1) subject to this section; and

(2) for which The Controlled Substance, Drug, Device and Cosmetic Act provides for a maximum term of imprisonment of less than four years. If the sentencing court finds that the delivery or possession with intent to deliver was to an individual under 18 years of age, then this section shall not be applicable and the offense shall be subject to section 6314 (relating to sentencing and penalties for trafficking drugs to minors).

\* \* \*

**(c) Authority of court in sentencing.**—*There shall be no authority for a court to impose on a defendant to which this section is applicable a lesser sentence than provided for in subsection (a), to place the defendant on probation or to suspend sentence.* Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section. Disposi-

---

**2.** Statutes like those at issue here, which impose some sanction as part of a criminal sentence, have been deemed penal in nature. *See Commonwealth v. Harner,* 533 Pa. 14, 617 A.2d 702, 705 (1992) ("Because this section imposes restitution as part of a sentence, its penal character must not be overlooked.").

tion·under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies. **(d) Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

18 Pa.C.S. § 6317 (emphasis added).

¶ 8 The second such statute, pertaining to "Drug Trafficking Sentencing and Penalties," requires imposition of terms of imprisonment increasing in duration with the amount of a controlled substance in evidence and, like the statute prescribing drug-free school zones deprives the court of authority to impose any contrary sentence. That statute provides, in pertinent part, as follows:

### § 7508. Drug trafficking sentencing and penalties

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

* * *

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; and

(iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the

defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

* * *

**(c) Mandatory sentencing.**—*There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence.* Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act [FN2] shall not be available to a defendant to which this section applies.

---

[FN2] 35 P.S. §§ 780–117, 780–118.

**(d) Appellate review.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

18 Pa.C.S. § 7508 (emphasis added).

¶ 9 In support of its current position, the Commonwealth relies on the mandatory language of these foregoing statutes, which requires imposition of the stated sentence "[*n*]*otwithstanding any other provision(s)*

*of the act* " or other statute to the contrary, *see* 18 Pa.C.S. §§ 6317(a), 7508(a), and specifies that that "[*t*]*here shall be no authority in any court to impose . . . a lesser sentence . . .*" 18 Pa.C.S. §§ 6317(c), 7508(c). The Commonwealth contends that this language specifically controls the imposition of sentence upon those convicted of the enumerated offenses, in this case PWID, requires the completion of the mandatory minimum sentence in confinement, and precludes the possibility of parole or early release under any circumstances. The trial court concluded the contrary, that the structured scheme of the RRRIA evinced the intention of the General Assembly to reduce the commitments of Pennsylvania's state prison system by creating a vehicle for early release on the basis of good behavior and completion of a structured plan of rehabilitation while incarcerated. Trial Court Opinion, 7/8/09, (TCO) at 3 ("In 2008, Pennsylvania's General Assembly passed the RRRI law in a barely disguised effort to reduce criminal sentences—and therefore prison overcrowding."), 6 ("Although the net effect of the RRRI may be to reduce the time that some inmates spend in prison, the General Assembly chose to do so via a scheme that emphasized rehabilitative programming instead of sentence modification."). The court reconciled the conditional minimum it imposed accordingly, *see* 61 Pa.C.S. § 4505(a), noting that the RRRIA merely affords the offender an opportunity for release subject to his completion of an RRRI program plan and the discretion of the Parole Board. TCO at 7. The court determined further that nothing in the sentence it imposed violated either of the two sentencing statutes at issue as the RRRIA supplements rather than supplants existing sentencing provisions and does not *require* release of any inmate prior to expiration of the mandatory mini-

mum sentence. *Id.* at 8–9. We concur in the court's conclusion.

¶ 10 In enacting the RRRIA, the General Assembly "[sought] to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S. § 4502. To achieve comprehensive application throughout the state correctional system, the RRRIA characterizes eligibility based on a series of disqualifying factors derived from the offender's history of conviction and sentencing, *see* 61 Pa. C.S. § 4503(2), (3), (4), (6), behavioral history, *see id.*, § 4503(1), and pending prosecutions, *see id.*, § 4503(5). Thus, the statute appears to assume the eligibility of any offender not specifically disqualified by the enunciated factors. The operative section provides as follows:

### § 4503. Definitions

The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

\* \* \*

"**Eligible offender.**" A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

(1) Does not demonstrate a history of present or past violent behavior.

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defen-

dant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302 (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. § 6312 (relating to sexual abuse of children).

18 Pa.C.S. § 6318 (relating to unlawful contact with minor).

18 Pa.C.S. § 6320 (relating to sexual exploitation of children).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sen-

tences for certain drug offenses committed with firearms).

Any offense listed under 42 Pa.C.S. § 9795.1 (relating to registration).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503 (footnotes omitted).

¶ 11 Significantly, the foregoing language delineates three exclusions from eligibility based on the offender's sentencing history. Those sentencing exclusions are limited to firearms enhancements, *see id.,* § 4503(2), drug offenses committed with firearms, *see id.,* § 4503(4), and drug trafficking (PWID) at the highest levels categorized by the Drug Trafficking Sentencing statute, *see id.,* § 4503(6). In this case, this final exclusion is dispositive. The RRRIA's specific disqualification of offenders from eligibility based on imposition of sentence in a stated category, *i.e.,* 18 Pa.C.S. § 7508(a)(3)(iii), and the omission from the RRRIA of any reference to related categories, *i.e.,* § 7508(a)(3)(i), (ii), logically compels a single conclusion: the General Assembly did not wish to exclude those latter two categories.[3] Inasmuch as those latter two categories exist only to specify mandatory minimum sentences for drug trafficking, the legislature was, per force, fully cognizant of the effect its pronouncement under the RRRIA would have. Consistent with "common sense and logic," *see Ostrosky, supra,* (quoting *Charles, supra*), we recognize what the legislature so forcefully implied; offenders sentenced under § 7508(a)(3)(i), (ii), are eligible for RRRI program placement provided they qualify with the remaining elements of 61 Pa.C.S. § 4503(6), defining "eligible offenders".

¶ 12 In view of the careful coordination of the RRRIA's eligibility provisions with those of the Drug Trafficking Sentencing statute, we find no incongruity between imposition of an RRRIA minimum sentence, as the trial court imposed here, and drug-trafficking mandatory minimums imposed under 18 Pa.C.S. § 7508(a)(3)(i), (ii). Similarly, we decline to find irreconcilable conflict between the RRRIA and the Drug-free School Zones statute, 18 Pa.C.S. § 6317. Indeed, given the inferential formulation of the RRRIA's eligibility provisions, as explained *supra,* the Act's omission of reference to the drug-free school zones minimums establishes that imposition of a sentence under the section 6317 does not render the defendant ineligible for participation in an RRRIA program plan. *See Ostrosky,* 866 A.2d at 430 (quoting *Charles,* 411 A.2d at 530) (explaining that "where certain things are designated in a statute, 'all omissions should be understood as exclusions.'").

¶ 13 Moreover, we find nothing in the RRRIA that operates to expand the limita-

---

**3.** The legislature's obviously careful orchestration of the RRRI eligibility requirements in this manner offers a hornbook illustration of the common law maxim, *expressio unius est exclusio alterius. See Ostrosky,* 866 A.2d at 430 (quoting *Commonwealth v. Charles,* 270 Pa.Super. 280, 411 A.2d 527, 530 (1979)) (explaining that "[t]he maxim, *expressio unius est exclusio alterius,* establishes the inference that, where certain things are designated in a statute, 'all omissions should be understood as exclusions.'").

tions of the trial court's authority to deviate from the mandatory minimum sentences required by the Drug Trafficking and Drug-free School Zones statutes. Rather, because the RRRIA merely supplements existing sentencing law, the court's exercise of authority under the RRRIA is entirely consistent with the limitations of the mandatory sentencing provisions at issue. Indeed, the RRRIA appears to limit the role of the trial court to determining the offender's eligibility for placement under an RRRI program plan and calculating the time within which his eligibility for parole will vest provided he completes the program plan. *See* 61 Pa. C.S. § 4505(a), (c)(2). The mandatory sentencing provisions at 18 Pa.C.S. §§ 6317 and 7508 remain effective vis-à-vis the trial court and continue to require imposition of a mandatory minimum sentence for all offenders subject to their provisions. *See* 61 Pa.C.S. § 4505(c)(1), (4) (requiring compliance by the trial court with all other applicable sentencing provisions). The RRRIA does not empower a trial court to impose a sentence of probation or intermediate punishment or to impose a sentence that would allow parole in the ordinary course upon completion of a standard minimum sentence.

■ ¶ 14 In point of fact, the language of the RRRIA appears to vest primary authority for execution of the recidivism reduction incentive in the Department of Corrections (DOC) and the Board of Probation and Parole (Parole Board). *See* 18 Pa.C.S. §§ 4504 (Recidivism risk reduction incentive programs), 4506 (Recidivism risk reduction minimum), 4507 (Authority of the board), 4508 (Written guidelines and regulations), 4509 (Evaluation), 4510 (Reports). As apparent particularly in sections 4504 and 4506, the RRRIA invests those bodies with the mandate to create a comprehensive system to incentivize reha-

bilitation and reintegration for defined classes of offenders, and the discretion to determine an offender's eligibility for parole notwithstanding the court's imposition of a mandatory minimum sentence. To that end, the RRRIA minimum imposed by the trial court serves only as a demarcation in time after which the offender may, at the discretion of the Parole Board, be released on parole. *See* 61 Pa.C.S. §§ 4506(a), (d); 4511. Should the offender fail to complete his DOC program or the Parole Board finds his progress in rehabilitation insufficient to merit parole, *see* 61 Pa.C.S. § 4506(a), (d), the offender will remain incarcerated for the mandatory minimum sentence originally imposed by the court. In this manner, limitations on the sentencing discretion of the trial court remain intact, *see* 18 Pa.C.S. §§ 6317(a), (c); 7508(a), (c), while the DOC and the Parole Board fulfill the legislative mandate of the RRRIA.

¶ 15 We conclude accordingly that the sentences the court imposed are fully compliant with the applicable sentencing provisions, *see* 18 Pa.C.S. §§ 6317, 7508, as well as the RRRIA. Accordingly, we affirm the judgments of sentence.

¶ 16 Judgments of sentence **AFFIRMED.**