**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Keith P. MAIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 2010.

Filed Oct. 8, 2010.

---

MaryJean Glick, Public Defender, Lancaster, for appellant.

Craig W. Stedman, Asst. Dist. Atty., Lancaster, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., LAZARUS, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

Appellant, Keith P. Main, files this appeal from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his conviction of driving under the influence ("DUI")–highest rate of alcohol, DUI–general impairment, violation of required financial responsibility, and careless driving.[1] On appeal, Appellant challenges the trial court's imposition of a mandatory-minimum sentence,[2] rather than deeming him eligible for the Recidivism Risk Reduction Incentive ("RRRI") program.[3] We hold that a defendant who is sentenced to a mandatory-minimum sentence pursuant to 75 Pa.C.S. § 3804(c) is nonetheless eligible for RRRI consideration. Accordingly, we vacate and remand.

On January 21, 2009, Appellant pleaded guilty to the above charges. At the sentencing hearing, Appellant argued for his eligibility in the RRRI program. The trial court disagreed, finding that Appellant was subject to a mandatory-minimum term of incarceration with no possibility of pa-

---

* Former Justice specially assigned to the Superior Court.

1. 75 Pa.C.S. §§ 3802(c), 3802(a)(1), 1786, and 3714, respectively.

2. Appellant was convicted of a third DUI offense, and was therefore subject to a mandatory-minimum term of one year's imprisonment pursuant to 75 Pa.C.S. § 3804(c)(3).

3. 61 Pa.C.S. § 4505(c). Eligible offenders are sentenced to the minimum and maximum sentences under 42 Pa.C.S. § 9752, and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less, or five-sixths of a minimum sentence of more than three years. *See id.* After the defendant serves the RRRI minimum sentence, the Pennsylvania Board of Probation and Parole assesses the defendant's progress in RRRI programs, along with other factors, and determines whether the defendant shall be paroled. *See generally* 61 Pa.C.S. § 4506.

role pursuant to 75 Pa.C.S. § 3804(c)(3), since this DUI conviction was his third offense, and thus deemed Appellant ineligible for the RRRI program.[4] The court accordingly imposed the mandatory-minimum sentence, resulting in a one-to-five-year term of imprisonment without RRRI. The court denied Appellant's timely post-sentence motion. This timely appeal followed, along with proper compliance with Pa.R.A.P. 1925.

Appellant raises a singular issue for our review:

> Did the trial court err in refusing to make [Appellant] eligible for RRRI on Count 1, driving under the influence of alcohol, where [Appellant] was an eligible offender under 44 Pa.C.S. § 5303, and the court was required by 44 Pa. C.S. § 5305 and 42 Pa.C.S. § 9756 to impose a RRRI minimum sentences in addition to the minimum and maximum sentence?

Appellant's Brief at 4.

 "The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Tareila,* 895 A.2d 1266, 1267 (Pa.Super.2006). "Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence." *Commonwealth v. Diamond,* 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied,* 598 Pa. 755, 955 A.2d 356 (2008). Because Appellant challenges the trial court's application of mandatory-minimum sentences, we will review his claim.

 "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard

of review in cases dealing with questions of law is plenary." *Commonwealth v. Madeira,* 982 A.2d 81, 82 (Pa.Super.2009) (quoting *Commonwealth v. Williams,* 868 A.2d 529, 532 (Pa.Super.2005)), *appeal denied,* 604 Pa. 704, 987 A.2d 160 (2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 3298, 176 L.Ed.2d 1201 (2010). Appellant contends that the RRRI Act, as the more recently enacted statute, overcomes Section 3804(c)(3)'s language that a third-time offender "shall be sentenced ... to ... imprisonment of not less than one year." 75 Pa.C.S. § 3804(c)(3). Appellant asserts that because the RRRI sentence contemplates mandatory-minimum sentences, requiring the court to impose a minimum and maximum sentence in addition to the RRRI sentence, there is no conflict between the mandatory-minimum-sentence statute and the RRRI statute. We agree that Appellant is entitled to relief.

This Court recently addressed a substantially similar issue in *Commonwealth v. Hansley,* 994 A.2d 1150 (Pa.Super.2010). In *Hansley,* the Lebanon County Court of Common Pleas reached the opposite conclusion of the instant trial court, thus finding that an RRRI sentence would not conflict with 75 Pa.C.S. § 7508(c), which involved mandatory-minimum sentences for drug trafficking. *Id.* at 1152. The Lebanon County court accordingly imposed the applicable mandatory-minimum sentences, but also determined that Hansley was eligible for the RRRI program and specified the incentive minimum sentences for each offense pursuant to the RRRI statute. *Id.* Hansley therefore would become eligible for parole upon completing the RRRI program and according to the terms of the RRRI statute. *Id.* The Commonwealth appealed,

---

**4.** Appellant pleaded guilty in February 1999 to separate counts of DUI, occurring in June and October of 1998.

raising virtually identical arguments as in the instant case. *Id.* Specifically, the Commonwealth contended that the mandatory-minimum sentencing provisions were specific to the charge of possession with intent to deliver, and "specifically control[s] the imposition of sentence upon those convicted of the enumerated offenses, ... requires the completion of the mandatory minimum sentence in confinement, and precludes the possibility of parole or early release under any circumstances." *Id.* at 1155.

A panel of this Court affirmed, concluding that 75 Pa.C.S. § 7508 and 18 Pa.C.S. § 6317[5] did not conflict with the RRRI statute. *Id.* at 1157. The *Hansley* Court held that the RRRI statute provides a specific list of crimes excluded from RRRI consideration:

> Significantly, the [RRRI statute's] language delineates three exclusions from eligibility based on the offender's sentencing history. Those sentencing exclusions are limited to firearms enhancements, *see* [61 Pa.C.S.] § 4503(2), drug offenses committed with firearms, *see id.*, § 4503(4), and drug trafficking (PWID) at the highest levels categorized by the Drug Trafficking Sentencing statute, *see id.*, § 4503(6). In this case, this final exclusion is dispositive. The RRRIA's specific disqualification of offenders from eligibility based on imposition of sentence in a stated category, *i.e.,* 18 Pa.C.S. § 7508(a)(3)(iii), and the omission from the RRRIA of any reference to related categories, *i.e.,* § 7508(a)(3)(i), (ii), logically compels a single conclusion: the General Assembly did not wish to exclude those latter two categories. Inasmuch as those latter two categories exist only to specify mandatory minimum sentences for drug trafficking, the legislature was, per

force, fully cognizant of the effect its pronouncement under the RRRIA would have. Consistent with common sense and logic, we recognize what the legislature so forcefully implied; offenders sentenced under § 7508(a)(3)(i), (ii), are eligible for RRRI program placement provided they qualify with the remaining elements of 61 Pa.C.S. § 4503(6), defining "eligible offenders."

*Id.* (citations, footnote, and quotation marks omitted).

The *Hansley* Court also considered statutes not expressly mentioned by the RRRI statute:

> [W]e decline to find irreconcilable conflict between the RRRIA and the Drug-free School Zones statute, 18 Pa.C.S. § 6317. Indeed, given the inferential formulation of the RRRIA's eligibility provisions, as explained *supra*, the Act's omission of reference to the drug-free school zones minimums establishes that imposition of a sentence under the section 6317 does not render the defendant ineligible for participation in an RRRIA program plan. *See [Commonwealth v.] Ostrosky,* 866 A.2d [423,] 430 [ (Pa.Super.2005) ] (quoting [*Commonwealth v.] Charles,* [270 Pa.Super. 280,] 411 A.2d [527,] 530 [ (1979) ] ) (explaining that "where certain things are designated in a statute, 'all omissions should be understood as exclusions.' ").

*Id.* As a result, the *Hansley* Court agreed with Appellant's instant argument that the RRRI statute supplements, rather than replaces, a mandatory-minimum sentence:

> [B]ecause the RRRIA merely supplements existing sentencing law, the court's exercise of authority under the RRRIA is entirely consistent with the limitations of the mandatory sentencing provisions at issue. Indeed, the RRRIA

**5.** Section 6317 is known as the school-zone enhancement provision.

appears to limit the role of the trial court to determining the offender's eligibility for placement under an RRRI program plan and calculating the time within which his eligibility for parole will vest provided he completes the program plan. *See* 61 Pa.C.S. §§ 4505(a), (c)(2). The mandatory sentencing provisions at 18 Pa.C.S. §§ 6317 and 7508 remain effective vis-à-vis the trial court and continue to require imposition of a mandatory minimum sentence for all offenders subject to their provisions. *See* 61 Pa. C.S. § 4505(c)(1), (4) (requiring compliance by the trial court with all other applicable sentencing provisions). The RRRIA does not empower a trial court to impose a sentence of probation or intermediate punishment or to impose a sentence that would allow parole in the ordinary course upon completion of a standard minimum sentence.

*Id.* at 1158. The *Hansley* Court concluded by observing that primary authority for execution of the RRRI program lies with the Department of Corrections and the Board of Probation and Parole, thus permitting the trial court to impose a mandatory-minimum sentence as required by statute, but permitting the Department of Corrections and the Board of Probation and Parole to fulfill the legislature's mandates in the RRRI statute. *Id.* The Court accordingly affirmed the trial court's sentencing order imposing the mandatory-minimum sentence, but deeming Appellant eligible for the RRRI program. *Id.*[6]

Instantly, the *Hansley* issues are not squarely in line with the instant claims, and we acknowledge that the *Hansley* Court focused primarily on whether various subsections of 18 Pa.C.S. § 7508(a) were subject to RRRI provisions, whereas the instant case regards 75 Pa.C.S. § 3804(c). Moreover, we observe that there are additional concerns instantly, as Appellant is subject to a recidivism statute and is not the type of first-time offender the RRRI statute initially appears to contemplate. Nonetheless, we find the *Hansley* Court's analysis of the school-zone enhancement's relationship with RRRI dispositive. As the Court observed, the RRRI statute expressly lists specific exceptions to the statute, and noticeably absent is any caveat that the list is not exhaustive. *Compare with* 18 Pa. C.S. § 2706 (providing that mandatory restitution must include, "but [is] not limited to," various costs of emergency response). DUI is not among the listed exceptions to RRRI, and we decline to add Section 3804(c) to the list without an express intent to do so by the Legislature. *See Hansley, supra; Ostrosky, supra.* Appellant's DUI mandatory-minimum sentence therefore does not disqualify him from the RRRI program, and we conclude that the trial court erred in refusing to impose a RRRI sentence.

Accordingly, we instruct the trial court, upon remand, to determine Appellant's eligibility for RRRI pursuant to 61 Pa.C.S. § 4503, and in doing so, specifically to disregard his mandatory-minimum sentence. If the court deems Appellant eligible, it shall proceed to specify the incentive minimum sentence in association with his mandatory-minimum sentences, in accordance with *Hansley*.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

---

6. We observe that the Commonwealth sought reargument *en banc* in *Hansley,* which re- quest was denied.