**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS MICHAEL BRYAN | : | |
| | : | |
| Appellant | : | |
| | : | No. 1048 WDA 2015 |

Appeal from the PCRA Order June 10, 2015
in the Court of Common Pleas of Blair County Criminal Division
at No(s):    CP-07-CR-0001596-2010
CP-07-CR-0001597-2010
CP-07-CR-0001598-2010
CP-07-CR-0001599-2010
CP-07-CR-0001600-2010

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED AUGUST 18, 2016**

Appellant, Thomas Michael Bryan, appeals from the order of the Blair County Court of Common Pleas denying his Post Conviction Relief Act[1] ("PCRA") petitions.  Appellant contends the trial court erred as a matter of law when it failed to find that he was statutorily eligible for a RRRI[2] minimum sentence.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Recidivism Risk Reduction Incentive.  61 Pa.C.S. §§ 4501-4512.

The PCRA court summarized the procedural posture of this case as follows:

On June 3, 2011, [Appellant] entered guilty pleas pursuant to a plea agreement to seven counts of Possession with Intent to Deliver ("PWID"), 35 P.S. § 780-113(a)(30); and one count of Criminal Conspiracy to commit PWID, 35 P.S. § 780-113(a)(30) and 18 P.S. [sic] § 903.[3] This [c]ourt sentenced [Appellant] on June 3, 2011 to a period of incarceration of 7-14 years in a state correctional institution with 10 years of probation. No direct appeal was filed.

On July 2, 2012, [Appellant] filed a timely *pro se* [PCRA] petition raising ineffectiveness of his sentencing counsel, . . . , throughout the plea and sentencing. Although [Appellant] had indicated that he was in the process of retaining counsel at the time of his PCRA, this [c]ourt subsequently appointed [ ] PCRA counsel on October 29, 2012. [Appellant's] current counsel was retained on March 2, 2013; counsel filed an Amended PCRA on April 5, 2013 and a Second Amended PCRA Petition on July 2, 2014. After a PCRA Hearing on October 13, 2014, . . . this [c]ourt provided counsel additional time to submit any legal memorandum they wished the [c]ourt to consider.

PCRA Ct. Op., 1-2, 6/15/15. On June 10, 2015, the PCRA court "denied and dismissed" the PCRA petitions. Order, 6/10/15. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

---

[3] We note that Appellant pleaded guilty to multiple counts on five criminal dockets. **See** R.R. at 83a, 95a, 107a, 120a, 134a. For convenience, we refer to the reproduced record where applicable.

Appellant raised the following issue for our review: "Did the Trial Court err as a matter of law when it failed to provide [Appellant] with a RRRI minimum sentence when he was otherwise statutorily eligible for RRRI?"[4] Appellant's Brief at 5. Appellant argues that because he did not receive a criminal sentence pursuant to 42 Pa.C.S. § 9712.1,[5] he is statutorily eligible for RRRI. *Id.* at 15.

---

[4] We note that this is the sole issue raised in Appellant's Rule 1925(b) statement.

[5] Contrary to Appellant's claim, the trial court did sentence Appellant based upon the weapons enhancement under Section 9712.1. *See* R.R. at 41a, 76a. "[I]n *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)], the United States Supreme Court finally repudiated the . . . maximum sentence/minimum sentence dichotomy. Plainly, Section 9712.1 can no longer pass constitutional muster." *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa Super. 2014), (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). We note that "[I]legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013). "This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). In *Commonwealth v. Washington*, ____ A.3d ____, 37 EAP 2015 (Pa. July 19, 2016), the Pennsylvania Supreme Court addressed the issue of "whether the Supreme Court of the United States' decision in *Alleyne* [ ] applies retroactively to attacks upon mandatory minimum sentences advanced on collateral review." *Id.* at ____, 37 EAP 2015 at 1. The *Washington* Court held that "*Alleyne* does not apply retroactively to cases pending on collateral review . . . ." *Id.* at ____, 37 EAP 2015 at 16.

In the case at bar, Appellant was sentenced on June 3, 2011. He did not file a direct appeal. Therefore, his judgment of sentence became final on July 5, 2011. *See* 42 Pa.C.S. § 9545(b)(3) (providing "[f]or purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

Our review is governed by the following principles.

> This Court has held that an attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence. ***Commonwealth v. Lipinski***, 841 A.2d 537, 539 (Pa. Super. 2004); ***see also Commonwealth v. Hansley***, 994 A.2d 1150 (Pa. Super. 2010) (challenge to trial court's imposition of RRRI sentence with mandatory minimum sentence constitutes challenge to trial court's sentencing authority).

***Commonwealth v. Robinson***, 7 A.3d 868, 870 (Pa. Super. 2010). Appellant challenges the legality of his sentence. ***See id.*** at 871. "Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Brougher***, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

An RRRI eligible offender is statutorily defined as follows:

> "Eligible offender." A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> \* \* \*
>
> (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania

---

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** 1 Pa.C.S. § 1908 (providing that when the last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation). Instantly, Appellant's judgment of sentence became final **before *Alleyne*** was decided. Therefore, he is not entitled to any relief based upon ***Alleyne***. ***See Washington***, at \_\_\_\_, 37 EAP 2015 at 16.

- 4 -

> Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

61 Pa.C.S. § 4503(2).  Pursuant to statute, "[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender."  *Id.*  § 4505(a).

At the guilty plea hearing, the Commonwealth averred that "the total of the plea would be a plea agreement whereby [Appellant] would be sentenced to a State Correctional Institution for seven (7) to fourteen (14) years, followed by ten (10) years' probation, and that he would not be RRRI eligible."  R.R. at 3a.  In support of its contention that Appellant was not RRRI eligible, the Commonwealth stated to the court:

> Your Honor, the weapons enhancement would be found at Title 42 Pa.C.S.A. Sec, 9712.1. . . .  I have a series of approximately fourteen (14) photographs that I would like to admit into the record. . . .  Essentially, Your Honor, it is the Commonwealth's position that they depict the presence of four (4) firearms in the Master Bedroom where drug paraphernalia was located and to which the deposit belonged where the cocaine was found, as well as three (3) firearms in an office next to a safe wherein the other two controlled substances, Methadone and Oxycontin was found along with the $1,100 in buy-money from the day before it.  So, based on 9712.1 . . . and these photographs, the Commonwealth believes that not only is that weapons enhancement is [sic] applicable, but that clearly would be a bar to this [Appellant] . . . from receiving RRRI.

*Id.* at 26-27a.

In the June 3rd Order, the trial court stated:  "The parties had come to a plea agreement and presented it to this [c]ourt which it accepts with an issue as to [Appellant's] eligibility for the RRRI Program which will be discussed later."  *Id.* at 34a.  The court concluded that "**prior to the weapons enhancement presentation by the Commonwealth**, this [c]ourt did believe that RRRI was appropriate.  However, with the weapons enhancement, it agrees with the Commonwealth" that Appellant was not eligible for the RRRI Program.  *Id.* at 41a (emphasis added).

The PCRA court opined:

> In the instant matter, the Commonwealth entered 14 photographs of firearms into the record at the Guilty Plea Hearing:
>
> *    *    *
>
> This [c]ourt found that the weapon enhancement was proper as reflected in the sentencing Order dated June 3, 2011:
>
> *    *    *
>
> [Appellant] was sentenced in accordance with 42 Pa.C.S. § 9712.1 which consequently rendered him RRRI-ineligible pursuant to 61 Pa.C.S. § 4503(4).

PCRA Ct. Op. at 7-8.

In the case *sub judice*, Appellant was sentenced pursuant to the weapons enhancement.  **See** 61 Pa.C.S. § 4503(2).  Therefore, Appellant was not RRRI eligible.  **See id.**  We discern no error of law by the PCRA

court.   ***See Robinson***, 7 A.3d at 870; ***Brougher***, 978 A.2d at 377.

Therefore, we affirm the order of the PCRA court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016