J-S58035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE D. FULLER | |
| Appellant | No. 1999 MDA 2014 |

Appeal from the Judgment of Sentence July 28, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003235-2013

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 06, 2015**

Appellant, Andre D. Fuller, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his guilty plea to criminal attempt—criminal homicide.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On August 3, 2013, at approximately 10:50 p.m., Officer Dudick was on patrol in Wilkes-Barre when he heard multiple gunshots.  Officer Dudick reported the shots and traveled to the location where an off-duty police officer reported a black male in a white long sleeve t-shirt running from the

_____

[1] 18 Pa.C.S.A. § 2501(a) (901(a) related).

_____

*Retired Senior Judge assigned to the Superior Court.

area. Upon arriving at the shooting scene, Officer Dudick observed the victim, William Uggiano, lying on the street with gunshot wounds to his head, hand, leg, and buttocks. The victim was conscious and told the police he did not know the name of the shooter but had seen him around town. The victim was transported to the hospital, and the police recovered several .45 caliber shell casings where the victim had been found. After receiving information from the victim's mother regarding the shooter's identity, the police showed the victim a photo array. The victim positively identified Appellant as the shooter.

Appellant entered a negotiated guilty plea on July 28, 2014, to criminal attempt—criminal homicide. That same day, the court imposed the negotiated sentence of six (6) to twelve (12) years' imprisonment. While still represented by counsel, Appellant filed a notice of appeal *pro se* on August 25, 2014, under the Prisoner Mailbox Rule. The court subsequently conducted a ***Grazier***[2] hearing on January 6, 2015, after which the court appointed new counsel and granted an extension of time to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 30, 2015, counsel filed a notice of intent to file an ***Anders*** brief. Thereafter, counsel filed a petition for leave to withdraw in this Court on May 21, 2015.

---

[2] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

- 2 -

As a preliminarily matter, counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
>           \*     \*     \*
>
> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated 5/21/15, attached to

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

Petition for Leave to Withdraw as Counsel.) In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issues in the **Anders** brief:

WHETHER THE TRIAL COURT LACKED STATUTORY AUTHORITY FOR THE SENTENCE IMPOSED?

WHETHER THE SENTENCE OF A MINIMUM OF SIX YEARS TO A MAXIMUM OF TWELVE YEARS['] INCARCERATION IS HARSH AND EXCESSIVE?

(**Anders** Brief at 1-2). Appellant filed a *pro se* supplemental brief and raises the following issues:

DID THE TRIAL [COURT] HAVE AUTHORITY TO ACCEPT THE PLEA AGREEMENT?

WAS THE JUDGMENT OF SENTENCE LAWFUL?

IF A[N] ORALLY PRONOUNCED SENTENCE IS NOT INCORPORATED WITHIN THE JUDGEMENT OF SENTENCE ORDER IS THAT SENTENCE ILLEGAL?

IF THE JUDGEMENT OF SENTENCE ORDER POSSES[SES] NO STATUTORY AUTHORIZATION IS THAT DOCUMENT INVALID?

WAS THERE A PRELIMINARY HEARING OF RECORD?

WAS THERE A LAWFUL ARREST?

(Appellant's Supplemental Brief at 1).

On appeal, Appellant's *pro se* supplemental brief and counsel's **Anders** brief essentially raise the same arguments. Appellant and counsel allege the sentence of six to twelve years' imprisonment is excessive and illegal.[4] Appellant and counsel contend the court lacked statutory authority to accept Appellant's guilty plea and impose his sentence. Appellant concludes this Court should vacate and remand for resentencing. Appellant's claims challenge, in part, the discretionary aspects of sentencing. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

"[W]here a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa.Super. 2009) (citing **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (1994)). "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." **Id.** (citing **Dalberto, supra** at 18).

Moreover, "[a] person commits an attempt when, with intent to

_____

[4] As a general rule, the "entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." **See Commonwealth v. Main**, 6 A.3d 1026, 1028 (Pa.Super. 2010).

commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."  18 Pa.C.S.A. § 901(a).  Section 2501 of the Pennsylvania Consolidated Statutes further provides:

> **§ 2501.  Criminal homicide**
>
> **(a)   Offense defined.—**A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.
>
> **(b)   Classification.—**Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter.

18 Pa.C.S.A. § 2501(a)-(b).  Criminal attempt is a crime "of the same grade and degree as the most serious offense which is attempted…."  18 Pa.C.S.A. § 905(a).  Third-degree murder and voluntary manslaughter are graded as first-degree felonies.  *See* 18 Pa.C.S.A. §§ 2502(c), 2503(c).  An individual convicted of a first-degree felony may be sentenced to "a term which shall be fixed by the court at not more than 20 years."  18 Pa.C.S.A. § 1103(1).

Here, Appellant has no grounds to challenge his sentence.  Appellant's plea agreement included a negotiated sentence of six to twelve years' imprisonment in exchange for the Commonwealth dropping the numerous remaining charges.   Therefore, Appellant's negotiated plea agreement precludes him from challenging the discretionary aspects of his sentence. *See Brown, supra*.  Furthermore, criminal attempt—criminal homicide is a first-degree felony and carries a maximum penalty of twenty years' imprisonment.  *See* 18 Pa.C.S.A. §§ 905(a), 2502(c), 2503(c), and 1103(1).

The court sentenced Appellant to six to twelve years' imprisonment, which is below the statutory maximum. Thus, Appellant's sentence was not illegal, and the court had authority to impose the sentence. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015