J-A05001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEYANNA FLETCHER, | |
| Appellant | No. 3318 EDA 2013 |

Appeal from the Judgment of Sentence of October 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005475-2012

BEFORE:  OLSON and OTT, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED MAY 09, 2016**

Appellant, Keyanna Fletcher, appeals from the judgment of sentence entered on October 15, 2013 in the Court of Common Pleas of Philadelphia County, as made final by the denial of a post-sentence motion.  We affirm.

This case arose from an after-school physical altercation that occurred on April 16, 2012.  During the fight, Appellant punched the victim and slashed her with a knife, causing severe lacerations to the victim's face, chest, back, and arms.  At the time of the incident, Appellant was 17 years of age and the complainant was 16 years old.

On May 9, 2012, the Commonwealth filed an information charging Appellant with criminal attempt – murder, aggravated assault, possession of an instrument of crime (PIC), terroristic threats, simple assault, and

*Former Justice specially assigned to the Superior Court.

recklessly endangering another person.[1]  Thereafter, on July 31, 2012, the trial court granted a defense motion to quash the charges of criminal attempt – murder and terroristic threats.  On September 25, 2012, the trial court denied a defense request to decertify the charges against Appellant to juvenile court.

On July 31, 2013, Appellant entered guilty pleas to the charges of aggravated assault and PIC.  Subsequently, at the conclusion of a sentencing hearing on October 15, 2013, the trial court ordered Appellant to serve an aggregate term of four and one-half to nine years' imprisonment.[2]  On October 22, 2013, Appellant filed a timely motion asking the court to reconsider her sentence.  The trial court denied that motion on November 5, 2013 and Appellant filed a timely notice of appeal on November 20, 2013.  Pursuant to Pa.R.A.P. 1925(b), the court directed Appellant to file a concise statement of errors complained of on appeal.  On January 31, 2014, court-appointed direct appeal counsel[3] filed a concise statement advising the trial court that Appellant enjoyed only limited grounds for appeal (*i.e.*

---

[1]  18 Pa.C.S.A. §§ 901(a) and 2502, 2702(a)(1), 907(a), 2706(a)(1), 2701(a)(1), and 2705, respectively.

[2] Specifically, the court ordered Appellant to serve four and one-half to nine years for aggravated assault, together with a concurrent term of two and one-half to five years for PIC.  The remaining charges were *nolle prossed*.

[3] Court-appointed direct appeal counsel entered her appearance on November 25, 2013.

jurisdiction, validity of the plea, the legality of sentence, and the effectiveness of counsel) in view of her guilty plea and that none of those claims appeared meritorious. On November 24, 2014, the trial court issued an opinion stating that Appellant was not entitled to relief in view of Appellant's concise statement.

On January 12, 2015, court-appointed direct appeal counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981) and requested leave to withdraw from representation. On March 18, 2015, newly-retained appellate counsel entered his appearance in this matter and moved to strike prior counsel's **Anders** brief. This Court denied that motion and, on July 31, 2015, newly-retained appellate counsel filed an advocate's brief raising the issues set forth below.[4]

_____

[4] Court records establish that while Appellant elected to proceed before this panel with the assistance of retained direct appeal counsel, the **Anders** brief and application to withdraw filed by appointed appellate counsel remain unresolved and pending before this Court. Where an application to withdraw has been filed, we first review the request to withdraw before we address the merits of an appeal. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). In procedural terms, counsel seeking to withdraw must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **Id.** (citation omitted).

Herein, counsel's petition to withdraw states that she reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified
*(Footnote Continued Next Page)*

Did the trial court err in finding that the evidence was sufficient to show as a matter of law that [Appellant] was guilty of aggravated assault where [Appellant] did not agree to the recitation of the facts recited by the Commonwealth at the guilty plea hearing?

Was the guilty plea of [Appellant] knowingly, intelligently, or voluntarily made[?]

Appellant's Brief at 3 (complete capitalization omitted).

Appellant's first claim alleges that the Commonwealth failed to demonstrate the *mens rea* necessary to sustain a conviction for aggravated assault.[5]   Citing various portions of the transcript from her plea hearing, Appellant points to statements by trial counsel which assert that while she agreed with the Commonwealth's description of the April 2012 assault, she

*(Footnote Continued)* _____

Appellant that she was seeking permission to withdraw and furnished Appellant with copies of the petition to withdraw and **Anders** brief, and advised Appellant of her right to retain new counsel or proceed *pro se* to raise any points she believes worthy of this Court's attention.  Accordingly, appointed direct appeal counsel satisfied the procedural requirements of **Anders**.

Having concluded that counsel complied with the procedural mandates of **Anders***,* we ordinarily would determine whether counsel's **Anders** brief meets substantive requirements*.*  In this case, however, Appellant elected to retain new direct appeal counsel who, in turn, filed an advocate's brief and presented oral argument to the Court.  In light of these circumstances, we need not assess whether appointed counsel complied with the substantive components of **Anders**.  Moreover, as we conclude that the issues presented in this appeal are so wholly devoid of merit that they must be deemed frivolous, ***see infra***, we grant the petition to withdraw filed by appointed direct appeal counsel.

[5] Appellant does not challenge her conviction for PIC.

disputed certain background facts that lead up to the altercation. Appellant's Brief at 13-15. Appellant also refers to statements by trial counsel at her sentencing hearing that, in Appellant's view, raised doubts as to whether there was any agreement that Appellant assaulted the victim. *Id*. at 15-16. This claim fails.

As a preliminary matter, Appellant waived any challenge to the sufficiency of the evidence offered to support her conviction for aggravated assault. Here, Appellant entered a guilty plea to aggravated assault before the trial court. "The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." ***Commonwealth v. Main***, 6 A.3d 1026, 1028 (Pa. Super. 2010), *quoting* ***Commonwealth v. Tareila***, 895 A.2d 1266, 1267 (Pa. Super. 2006). Appellant is not entitled to appellate review of her sufficiency challenge.[6]

Even if we were to reach the merits of Appellant's sufficiency challenge, we would conclude that no relief is due. At her plea hearing, Appellant disagreed only with certain background facts, not facts pertaining to her altercation with the victim that established the elements of the

---

[6] Appellant's failure to include her sufficiency claim in her court-ordered concise statement would generally constitute alternative grounds for finding waiver. ***See Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005). Here, however, appointed counsel filed a statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4). Thus, we shall forgo a finding of waiver on this ground.

aggravated assault conviction. In an exchange with the trial court, Appellant specifically agreed that she started the fight and that she slashed the complainant. N.T., 7/31/13, at 11. These admissions establish beyond a reasonable doubt that Appellant intended to inflict serious bodily injury upon the victim.

In her second claim, Appellant objects to the validity of her guilty plea. To advance this challenge, Appellant renews her claim that the factual basis for her plea was insufficient and reiterates her contention that she disputed the Commonwealth's factual recitation at both the guilty plea and sentencing hearings. *See* Appellant's Brief at 11-12 and 16. Appellant further claims that she was not advised on the record of her right to a jury trial, the presumption of her innocence, and the permissible range of fines and punishment. *Id.* at 12. Finally, Appellant maintains that she does not believe that she committed an aggravated assault. Appellant therefore contends that her plea colloquy was inadequate. This claim, too, merits no relief.

Appellant waived review of her challenge to the validity of her guilty plea. The record here demonstrates that Appellant did not challenge the validity of her guilty plea before the trial court. Appellant did not move to withdraw her guilty plea either before or after the trial court imposed her sentence. Under Pa.R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Because Appellant did not challenge her guilty plea before the trial

court, her claim is waived.[7]  ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002) (appellant failed to preserve challenge to guilty plea where he failed to raise claim at sentencing hearing or through post-sentence motion).

Even if we reached the merits of Appellant's challenge to the validity of her plea, she would not be entitled to relief.  We previously applied the following well-established standard in assessing a post-sentence motion to withdraw a guilty plea:

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered.  There is no absolute right to withdraw a guilty plea[.]  To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice."  A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.  A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."
>
> ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003) (citations and quotation marks omitted).
>
> In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:
>
> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2) Is there a factual basis for the plea?

---

[7]  Again, Appellant's failure to include her second issue in her concise statement is potential grounds for finding waiver.  However, given appointed counsel's filing of a Rule 1925(c)(4) statement, we shall refrain from finding waiver on this basis.

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*. at 522–23; *see also* Pa.R.Crim.P. 590. "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 578 Pa. 587, 854 A.2d 489, 513 (2004) (citation and internal quotation marks omitted). Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa. Super. 2008).

The record demonstrates that Appellant made a knowing, voluntary, and intelligent decision to plead guilty. At her plea hearing, Appellant completed a written guilty plea colloquy, with the assistance of counsel, which the trial court incorporated into an on-the-record oral colloquy. The written colloquy specifically advised Appellant of her right to a jury trial, the presumption of her innocence, and the maximum statutory penalties and

fines for the offenses to which she entered her plea.  In addition, the oral colloquy confirmed that Appellant understood the rights she was surrendering and established that she was knowingly pleading guilty of her own free will.  Appellant's claim that she disputed portions of the Commonwealth's recitation of the facts is also unpersuasive; as we stated above, Appellant disputed only certain background facts, not facts used to establish the elements of her aggravated assault conviction.  Lastly, since Appellant admitted she was the aggressor in the altercation with the victim, and since she admitted lacerating the victim's face and body by slashing the complainant with a knife, the record refutes Appellant's claim that she did not believe that she committed aggravated assault.  Under these circumstances, we are satisfied that Appellant's guilty plea was knowing, voluntary, and intelligent.[8]  Accordingly, Appellant is not entitled to relief.

_____

[8] Upon review of the transcript of Appellant's plea hearing, we note that the trial court advised Appellant that it would not allow her to withdraw her guilty plea. N.T., 7/31/13, at 14.  This statement is incorrect.  A request to withdraw a guilty plea made before the trial court imposes a sentence should be granted where the defendant identifies a fair and just reason.  **See** Pa.R.Crim.P. 591 cmt.  Conversely, a post-sentence motion to withdraw a plea should be granted where the defendant demonstrates a manifest injustice.  **Bedell**, **supra**.  Read in context, however, the trial court's statement appears to have been intended to impress upon Appellant the serious nature of the proceedings.  Appellant was represented by counsel at both the plea and sentencing hearings and counsel advised Appellant of her right to seek withdrawal of her plea after the court imposed its sentence.  Appellant does not raise the trial court's errant statement in this appeal and, because the remark had no discernible impact upon the validity of
*(Footnote Continued Next Page)*

Judgment of sentence affirmed. Application to withdraw granted. Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2016

---

*(Footnote Continued)* ─────────────

Appellant's plea, we see no reason to grant relief on the basis of the trial court's isolated comment.