J-S09008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT HALL, | |
| Appellant | No. 3351 EDA 2015 |

Appeal from the Judgment of Sentence June 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007247-2013

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 29, 2017**

Appellant, Robert Hall,[1] appeals from the judgment of sentence entered following his entry of a guilty plea to theft by unlawful taking.[2] Appellant's counsel has filed a petition seeking to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] In the guilty plea transcript, Appellant is at times identified as Robert Hall, and at other times identified as Robert Young.  The transcript indicates that Appellant is known by both names.  N.T., 6/8/15, at 89.

[2] 18 Pa.C.S. § 3921(a).

filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

> On May 16, 2013, police arrested Appellant and charged him with Burglary and related charges. On June 8, 2015, after Appellant's Motion to Suppress was denied and prior to proceeding to a jury trial, Appellant indicated his desire to enter a nolo contendere plea. Appellant, represented by counsel, entered into a negotiated nolo contendere plea to Theft By Unlawful Taking (F3). The Commonwealth entered a nolle prosequi on the other charges. Appellant negotiated with the Commonwealth for a recommendation of sentence consisting of time served to 23 months followed by twelve months reporting probation.
>
> This court conducted a thorough colloquy of Appellant. During the colloquy, Appellant was specifically informed of the crime and facts to which he was pleading nolo contendere; he acknowledged that he understood them. He was informed by the court of the maximum penalties for the crime to which he pleaded nolo contendere. He acknowledged that he entered this plea knowingly, intelligently and voluntarily. He understood that a jury was waiting for selection in his case, and he understood his right to go forward with that selection process. The court informed [Appellant] that he is presumed innocent and the Commonwealth bears the burden of proving him guilty beyond a reasonable doubt. In addition, Appellant in writing, again confirmed his nolo contendere plea . . . by initialing each page and signing at the bottom of the third. This court accepted Appellant's nolo contendere plea. Defense counsel then agreed to immediate sentencing. Appellant did not file a motion to withdraw his plea prior to sentencing, or indicate any desire to do so. This court then sentenced the Appellant to the negotiated sentence of time served to 23 months followed by twelve months reporting probation.
>
> On June 17, 2015, after sentencing, Appellant filed a Post Sentence Motion, namely a Petition to Withdraw Nolo

Contendere Plea. The Motion was denied by operation of law on November 2, 2015. On November 4, 2015, Appellant filed a Notice of Appeal to the Superior Court. On November 13, 2015, this [c]ourt issued an order pursuant to Pa.R.A.P. Rule 1925(b) requiring the Appellant to file a concise statement of matters complained of on appeal within 21 days. On December 4, 2015, Appellant filed his 1925(b) statement arguing that this [c]ourt erred in not allowing Appellant to withdraw his guilty plea after sentencing, where Appellant had asserted his innocence and that he did not fully understand the consequences of the plea.

Trial Court Opinion, 6/15/16, at 1-2 (unnumbered) (internal citations omitted).

Before we address the question raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter,

- 3 -

counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit. **Anders** Brief at 3-11. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. **Id.**

The sole issue raised in the **Anders** brief is as follows: "Was it error for the trial court to deny [Appellant's] post-sentence motion to withdraw his *nolo contendere* plea?" **Anders** Brief at 3. Specifically Appellant asserts that he did not fully understand the consequences of his plea, and the denial of his request to withdraw the plea constituted a manifest injustice. **Id.** at 9.

- 4 -

We have held that the entry of a guilty plea results in the waiver of all defects and defenses, except for those that challenge the jurisdiction of the court, the validity of the guilty plea, or the legality of the sentence. *Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa. Super. 2010). Herein, Appellant challenges the validity of his plea.

Two different standards exist for reviewing requests to withdraw a guilty plea, one for pre-sentence requests to withdraw and one for post-sentence requests to withdraw. *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002). Here, Appellant sought to withdraw his plea after sentencing. This Court has declared:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his postsentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations omitted).

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2)   Is there a factual basis for the plea?

3)   Does the defendant understand that he or she has the right to a trial by jury?

4)   Does the defendant understand that he or she is presumed innocent until found guilty?

5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

7)   Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, cmt.; ***Commonwealth v. Pollard,*** 832 A.2d 517, 522–523 (Pa. Super. 2003).

As this Court has explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). Additionally, a written plea colloquy that is read, completed, and signed by the defendant, and made part of the record, may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Commonwealth v. Morrison*, 878 A.2d 102, 108-109 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (internal citation omitted).

In addressing Appellant's claim, the trial court provided the following analysis:

> [T]here is no evidence in the record that Appellant entered the plea unknowingly, unintelligently, involuntarily, or without an understanding of the nature of the charges against him or the terms of the plea agreement. Appellant was specifically informed of the crimes and facts to which he was pleading nolo contendere; he acknowledged that he understood them. He was informed by the court of the maximum penalties for the crime to which he pleaded nolo contendere. He acknowledged that he entered his plea knowingly, intelligently and voluntarily. He understood that a jury was waiting for selection in his case, and he understood his right to go forward with that selection process. The court informed [Appellant] that he is presumed innocent and the Commonwealth bears the burden of proving him guilty beyond a reasonable doubt. In addition, Appellant in writing, again confirmed his nolo contendere plea . . . by initialing each page and signing at the bottom of the third.
>
> As such, this [c]ourt concluded that the Appellant failed to establish that "manifest injustice" would result if the plea [was] not withdrawn and the motion was properly denied.

Trial Court Opinion, 6/15/16, at 3-4 (unnumbered) (internal citations omitted).

- 7 -

We agree with the trial court's conclusion. In accepting Appellant's plea, the trial court conducted an on-the-record guilty plea colloquy that covered the elements set forth in Pa.R.Crim.P 590. N.T., 6/8/15, at 89-98. Appellant also executed a written guilty plea colloquy. The totality of circumstances surrounding the plea supports the conclusion that Appellant knowingly, voluntarily, and intelligently entered his guilty plea. Moreover, Appellant has failed to carry the burden of proving otherwise. *Pollard*, 832 A.2d at 523. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's post-sentence motion to withdraw his guilty plea.[3]

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

_____

[3] To the extent that Appellant attempts to argue that the trial court erred in failing to allow him to withdraw his *nolo contendere* plea post-sentence where he asserted his innocence, *Anders* Brief at 8, we observe that our Court has ruled that a post-sentence assertion of innocence, alone, was not enough to demonstrate the manifest injustice necessary to secure a post-sentence withdrawal of a guilty plea. *Commonwealth v. Kpou*, ___ A.3d ___, ___ 2016 PA Super. 308, *3-4 (Pa. Super. 2016) (filed December 29, 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017