J-S73003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN FOWLER | : | |
| | : | |
| Appellant | : | No. 1840 WDA 2017 |

Appeal from the Judgment of Sentence November 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013292-2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 03, 2019**

Appellant, Justin Fowler, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his negotiated guilty plea to four counts of simple assault, two counts of terroristic threats, and one count each of resisting arrest and criminal mischief.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 30, 2016, Appellant engaged in a drunken confrontation with his mother and stepfather.  Appellant attacked his stepfather, punching him multiple times.  When Appellant's mother attempted to intervene, Appellant punched her in the face.  Appellant also damaged his mother's vehicle.  When police arrived on the scene, Appellant remained unruly and attempted to hit,

---

[1]  18 Pa.C.S.A. §§ 2701(a)(1), 2706(a)(1), 5104, and 3304(a)(5), respectively.

bite, kick, and spit on the officers. After a brief struggle, the officers placed Appellant under arrest.

On January 26, 2017, the Commonwealth charged Appellant with four counts of simple assault, two counts each of aggravated assault of a police officer and terroristic threats, and one count each of aggravated assault and criminal mischief. On November 7, 2017, Appellant entered a negotiated guilty plea to four counts of simple assault, two counts of terroristic threats, and one count each of resisting arrest and criminal mischief. In exchange, the Commonwealth agreed to withdraw one aggravated assault count against Appellant's stepfather, to reduce the aggravated assaults against the police officers to simple assaults, and with those amendments Appellant would plead guilty to the amended information. There was also an explicit agreement on the sentence for a total term of five years' probation plus conditions and restitution.

On the same day, the court sentenced Appellant to the agreed-upon aggregate term of five years' probation plus conditions and restitution. Appellant timely filed a post-sentence motion to withdraw his guilty plea on November 13, 2017, which the court denied on November 16, 2017. On December 8, 2017, Appellant filed a timely notice of appeal. On January 29, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of a concise statement, counsel filed a Rule 1925(c)(4) statement on February 20, 2018,

of her intent to file an **Anders**[2] brief.  On September 6, 2018, counsel filed an application to withdraw and an **Anders** brief in this Court.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).  **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review.  **Santiago, supra** at 173-79, 978 A.2d at 358-61.  Substantial compliance with these requirements is sufficient.  **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).  After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous.  **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).  **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a

- 4 -

summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> DID THE TRIAL COURT ERR IN FAILING TO GRANT THE MOTION TO WITHDRAW THE GUILTY PLEA?

(*Anders* Brief at 4).

Appellant contends the trial court should have granted his post-sentence motion to withdraw his guilty plea because his plea was not knowingly, intentionally, or voluntarily entered, due to his lack of food and sleep. Appellant concludes he is entitled to some form of relief. We disagree.

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. *Commonwealth v. Main*, 6 A.3d 1026 (Pa.Super. 2010). "We have recognized the importance of the plea bargaining process as a significant part of the criminal justice system." *Commonwealth v. Byrne*, 833 A.2d 729, 735 (Pa.Super. 2003). Further,

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten

days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, [352 A.2d 140, 141 (Pa.Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea).

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Id.*** (quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002)). The Pennsylvania Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea.

*Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Muhammad, supra*. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of

his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." ***Id.*** at 524.

Additionally, with respect to negotiated plea agreements:

[W]here the guilty plea agreement between the Commonwealth and a defendant contains a negotiated sentence, …and where that negotiated sentence is accepted and imposed by the court, a defendant is not allowed to challenge the discretionary aspects of the sentence. ***Commonwealth v. Reichle***, [589 A.2d 1140 (Pa.Super. 1991)]. We stated, "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement." ***Id.*** at 1141.

We find the reasoning of ***Reichle*** particularly pertinent in this case. Appellant entered a negotiated guilty plea and now seeks to avoid a specific term negotiated as part of that arrangement. If we allowed him now to avoid the term, it "would undermine the designs and goals of plea bargaining," and "would make a sham of the negotiated plea process." [***Id.***]

***Byrne, supra*** (some internal citations and quotation marks omitted).

Instantly, on November 7, 2017, Appellant executed a written guilty plea colloquy fully communicating his decision to plead guilty. In the written colloquy, Appellant acknowledged the voluntariness of his plea, the existence of the plea agreement, and his responsibility for the charged crimes. Appellant also recognized the rights he was relinquishing by pleading guilty, including his right to a trial by judge or jury, his right to ensure the Commonwealth met its burden of proof, and his limited appeal rights.

On the same day, Appellant engaged in an oral guilty plea colloquy

- 8 -

before the court. During the oral colloquy, Appellant affirmed his decision to plead guilty and acknowledged his understanding of the plea agreement, his sentence, and his appeal rights. Under the totality of these circumstances, Appellant entered a knowing, voluntary, and intelligent guilty plea following adequate written and oral colloquies. *See Rush, supra*; *Muhammad, supra*. Further, the court imposed an agreed-upon sentence of five years' probation. Allowing Appellant to renege on the plea bargain at this juncture would run afoul of the concept of negotiated plea agreements. *See Byrne, supra*; *Reichle, supra*. Therefore, the court properly denied Appellant's post-sentence motion to withdraw his guilty plea. Following our independent review of the record, we conclude the appeal is wholly frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2019