J-S18021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DELEON DOTSON | : | |
| | : | |
| Appellant | : | No. 998 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 6, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004860-2018

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED: MAY 18, 2020**

Appellant, Deleon Dotson, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his open guilty plea to terroristic threats.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant threatened to kill his girlfriend during a domestic dispute.  On May 6, 2019, Appellant entered an open guilty plea to one count of terroristic threats.  The court accepted Appellant's plea and sentenced him to sixteen (16) to forty-eight (48) months' imprisonment.  The court also revoked

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706.

intermediate punishment for a prior, unrelated terroristic threats conviction and resentenced Appellant to a concurrent term of thirty (30) to sixty (60) months' imprisonment. Immediately following the sentencing announcement, Appellant told counsel that he wanted to withdraw his guilty plea. Counsel informed the court of Appellant's request, but the court concluded there were no grounds to support a withdrawal.

On May 15, 2019, Appellant timely filed a post-sentence motion challenging the validity of his plea. The court denied Appellant's post-sentence motion on June 14, 2019. On June 20, 2019, Appellant timely filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on June 25, 2019. On July 16, 2019, counsel timely filed a Rule 1925(c)(4) statement of intent to file an **Anders**[2] brief. Counsel subsequently filed an application to withdraw and an **Anders** brief with this Court.

As a preliminary matter, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel reviewed the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel provided a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> SHOULD APPELLATE COUNSEL BE PERMITTED TO WITHDRAW AS COUNSEL BECAUSE ANY APPELLATE ISSUES IN THE INSTANT CASE ARE FRIVOLOUS?

- 4 -

(*Anders* Brief at 5).

On appeal, Appellant contends he is actually innocent, and the court should have granted his post-sentence motion to withdraw the guilty plea. Appellant concludes he is entitled to some form of relief. We disagree.

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. *Commonwealth v. Main*, 6 A.3d 1026 (Pa.Super. 2010). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge

is not bound by the terms of the agreement unless he accepts the agreement. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Muhammad, supra***. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Rush***, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.*** at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." ***Id.*** at 524.

Instantly, Appellant executed a written guilty plea colloquy on May 6, 2019. The written colloquy fully communicated Appellant's decision to plead guilty. In the written colloquy, Appellant acknowledged the voluntariness of

his plea and his responsibility for the charged crime. Appellant also recognized the rights he was relinquishing by pleading guilty, including his right to a trial by judge or jury, his right to ensure the Commonwealth met its burden of proof, and his limited appeal rights.

That same day, Appellant attended the guilty plea hearing. During the hearing, the Commonwealth recited the factual basis for the plea. Appellant confirmed that he wished to plead guilty based upon the facts as stated by the Commonwealth. Appellant also confirmed that he had completed and signed the written colloquy, and he understood the consequences of entering his plea.

Under the totality of these circumstances, Appellant entered a knowing, voluntary, and intelligent guilty plea following adequate colloquies. *See Rush, supra*; *Muhammad, supra*. Therefore, the court properly denied Appellant's post-sentence motion to withdraw the guilty plea. Following our independent review of the record, we conclude the appeal is wholly frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/18/20</u>