J-S25039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARIA BETH MILLER | : | |
| | : | |
| Appellant | : | No. 308 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 17, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0002478-2021

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: OCTOBER 21, 2022**

Appellant, Maria Beth Miller, appeals from the judgment of sentence entered in the Blair County Court of Common Pleas, following her negotiated guilty plea to terroristic threats and disorderly conduct.[1]  We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this appeal are as follows. During the early morning hours of October 7, 2021, Pennsylvania State Police Troopers Sneath and Yost responded to a report of "shots fired" in the parking lot of Dilly's Bar in Greenfield Township.  The report indicated that the shooter was a woman driving a red Jeep Cherokee.  Subsequent investigation revealed that Appellant was the shooter, and she fired the shots after threatening to

_____

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 5503(a)(4).

kill another bar patron. That same day, the troopers took Appellant into custody, and she provided the following statement: "I left, got into my car, and was very upset and took my pistol and shot it at the ground. No one was outside." (Affidavit of Probable Cause, dated 10/7/21, at 2).

The Commonwealth filed a criminal information charging Appellant with two counts of terroristic threats and one count each of recklessly endangering another person, disorderly conduct, and public drunkenness. On February 17, 2022, Appellant entered a negotiated guilty plea to one count each of terroristic threats and disorderly conduct. In exchange, the Commonwealth agreed to the dismissal of the remaining charges and the imposition of an aggregate term of two years' probation. (*See* N.T. Plea Hearing, 2/17/22, at 1). The court accepted Appellant's plea and imposed the agreed-upon sentence of two years' probation. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on March 10, 2022. On March 24, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On March 30, 2022, counsel timely filed a Rule 1925(c)(4) statement of intent to file an *Anders*[2] brief. Thereafter, counsel filed an application to withdraw and an *Anders* brief with this Court.

_____

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

- 2 -

Preliminarily, counsel seeks to withdraw representation pursuant to *Anders* and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise her of her right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the

appeal.

\* \* \*

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's reference to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, counsel has filed an application to withdraw. The application states that counsel has conducted a careful review of the record and determined that the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the **Anders** brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise additional issues Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel summarized the relevant procedural history of the case. The argument section of the brief refers to relevant case law and portions of the record that might arguably support Appellant's issue. Counsel also provides the reasons for his conclusion that the appeal is wholly

frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> Whether counsel should be permitted to withdraw as a review of the [record] shows that there are no non-frivolous issues for appeal as it presents no meritorious points.

(**Anders** Brief at viii).

On appeal, Appellant argues that she is actually innocent. Appellant concludes that this Court should permit her to withdraw her plea on this basis. We disagree.

"[T]o preserve an issue related to a guilty plea, an appellant must either 'object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.'" **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-69 (Pa.Super. 2017) (quoting **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa.Super. 2002)). "Failure to employ either measure results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). "Historically, Pennsylvania courts adhere to this waiver principle because '[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.'" **Id.** (quoting **Commonwealth v. Roberts**, 352 A.2d 140, 141 (Pa.Super. 1975)).

Generally, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. **Commonwealth v. Main**, 6 A.3d 1026 (Pa.Super. 2010). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." **Id.** (quoting **Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of her rights and the consequences of her plea. **Commonwealth v. Hodges**, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which she is pleading guilty; (2) the factual basis for the plea; (3) her right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless the judge accepts the agreement. **Commonwealth v. Watson**, 835 A.2d 786 (Pa.Super. 2003).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. **Muhammad, supra**. A

guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of her plea such that she knowingly and intelligently entered the plea of her own accord. *Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what she was doing and bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements she makes while under oath and "may not later assert grounds for withdrawing the plea which contradict the statements [she] made at [her] plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of [her] decision to plead guilty, only that [her] decision be voluntary, knowing and intelligent." *Id.* at 524.

Instantly, Appellant entered her plea on February 17, 2022. At the conclusion of the plea hearing, the court accepted Appellant's plea and immediately imposed the agreed-upon probationary sentence. Following the imposition of sentence, Appellant did not raise any objection to the entry of her plea. (*See* N.T. Plea Hearing at 3). Thereafter, the court entered Appellant's sentencing order, which included notice of Appellant's right to file a notice of appeal or a post-sentence motion. (*See* Sentencing Order, dated 2/17/22, at 4-5). Appellant did not file a post-sentence motion seeking to

withdraw the plea. Consequently, Appellant has waived her challenge to the entry of the plea. *See Monjaras-Amaya, supra*; *Lincoln, supra*.

Moreover, the court conducted an on-the-record colloquy at the plea hearing. At that time, Appellant confirmed her understanding of the proceedings and the terms of the plea agreement. (*See* N.T. Plea Hearing at 1). Appellant indicated that she wanted to plead guilty to the offenses at issue, which were graded as misdemeanors, in exchange for the dismissal of the more serious charges. (*Id.* at 1-2). Appellant stated that no one had forced her into entering the plea, and she was not under the influence of anything that prevented her from understanding the consequences of her plea. (*Id.* at 2). Further, Appellant admitted to the factual basis for the plea, and she confirmed her understanding of the right to a jury trial and the presumption of innocence. (*Id.*)

Under the totality of these circumstances, Appellant entered a knowing, voluntary, and intelligent guilty plea. *See Rush, supra*; *Muhammad, supra*. Thus, Appellant cannot demonstrate prejudice on the order of manifest injustice to justify the withdrawal of her plea. *See Pantalion, supra*. Following our independent review of the record, we agree the appeal is wholly frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2022